SYLVESTER B. TRIPP, Claimant, *v.* STATE OF NEW YORK.

(State of New York, Court of Claims, December, 1919.)

Claims — against the state for improper deposit of spoil on lands — deeds — claim dismissed.

A grant and conveyance to the state and its contractors of the right to enter upon claimant's lands and deposit thereon material excavated from the Hudson river, by which grant claimant released and discharged the grantees of and from any and all liability and damage and claims therefor, or for compensation growing directly or indirectly out of the use or occupancy of said lands for the purposes for which they were conveyed, or out of the deposit thereon of spoil or materials excavated in the course of the construction of the Barge canal terminal, was made upon condition that the top surface of the spoil deposited should not extend above the natural elevation of the ground contiguous with the line of the deposited material and that the spoil, when deposited, should be leveled off and trimmed to substantially even and continuous planes. *Held,* that the grantees were not required to so fill and grade claimant's land as that when completed there would be a natural slope from the highway to the river.

While the work was going on, the claimant, who lived on adjacent land, made no complaint to any state authority that the work was being left in an unfinished state, and though in the spring following the completion of the work he did complain that the fill was not smoothed off to his satisfaction the engineer for the state testified that the fill was substantially smooth, even and level. *Held,* that the claim should be dismissed upon the merits.

CLAIM for improper deposit of spoil on land.

Frank H. Cronkhite, for claimant.

Edward M. Brown, deputy attorney-general, for state.

SMITH, J. I think the evidence in this case fairly shows a substantial compliance by the state with the conditions upon which the state and its contractors were permitted by claimant to deposit spoil on his land, as expressed in the release dated August 6, 1918. That instrument in terms granted and conveyed to the state and its contractors the right to enter upon the claimant's lands and to deposit thereon dirt and other materials to be excavated from the Hudson river and released and discharged the state and its contractors of and from any and all liability and damages and claims for damages or compensation growing directly or indirectly out of the use or occupancy of said lands for the purposes aforesaid or out of the deposit thereon of spoil or materials excavated in the course of the construction of the barge canal terminal.

The grant and release is stated to be given upon the following terms and conditions, viz.:

" 1. That the top surface of the spoil to be deposited as aforesaid shall not extend above elevation of the natural ground contiguous with the limit line of the deposited material.

" 2. That the spoil when deposited shall be leveled and trimmed to substantially even and continuous planes."

Claimant contends that the language above quoted required the state and its contractors to so fill and grade claimant's land as that when completed there would be a gradual slope from the highway to the water surface of the river, and it is conceded that this has not been done. This contention of claimant cannot be sustained. No condition is imposed by the release for filling to any particular elevation at any part of claimant's property or for any particular slope.

There is no evidence that the spoil at any point extends above the elevation of the natural ground contiguous with it and it does appear that the spoil as deposited lies in substantially even and continuous planes and substantially level. The state and its contractors were not required to make a lawn upon this spoil area. The lands upon which the spoil was to be placed were lowlands frequently overflowed by the waters of the river. It was manifestly to the advantage of claimant to have them filled in and raised up so as to make them available for some practical use. Claimant consented that this be done by the state's contractors by dredging from the river soil and other material with the character of which he was familiar.

The filling has been accomplished and the surface of the lands raised to an elevation of about thirteen feet above low water level. It would seem that this must necessarily have made his lands more valuable. Claimant lived on lands adjacent to the parcel in question while the work was going on and made no complaint to any state authority that the work was being left in an unfinished state until the spring following the completion of the work. He now complains that the fill was not smoothed off to his satisfaction and

speaks of " holes " and " hummocks " but the cross section drawing made by the engineer for the state indicates that the fill is substantially smooth, even and level, and the engineer has testified that that is the condition in which the fill was left. We so find upon all the evidence.

The claim should be dismissed upon the merits.

Ackerson, P. J., concurs.

Claim dismissed.